IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 16, 2014

# MICHAEL BRANDON ADAMS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sumner County**
**No. 304-2014     Dee David Gay, Judge**

_____

**No. M2014-01025-CCA-R3-CD - Filed December 17, 2014**

_____

The Petitioner, Michael Brandon Adams, appeals the Sumner County Criminal Court's dismissal of his motion to correct an illegal sentence.  The Petitioner contends that the trial court erred when it dismissed his motion without appointing counsel and without conducting an evidentiary hearing.  In his motion, the Petitioner asserts that his sentence is illegal on the grounds that his guilty plea was not entered knowingly and voluntarily because he received the ineffective assistance of counsel.  Upon a review of the record in this case, we are persuaded that the trial court properly denied the motion.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Michael Brandon Adams, Nashville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts and Procedural History**

In 2004, the Petitioner pleaded guilty to aggravated child abuse.  *Michael Brandon Adams v. State*, No. M2007-00396-CCA-R3-PC, 2008 WL 544605, at *1 (Tenn. Crim. App., at Nashville, Feb. 21, 2008), *perm. app. denied* (Tenn. June 23, 2008).  The following facts

were recited at the guilty plea hearing:

> [O]n August 3rd, 2003, the Gallatin Police Department was contacted concerning a nine-month-old male infant that had been brought to Sumner Regional Medical Center with severe burns to the lower extremities. The baby was brought to the ER by a maternal aunt and her boyfriend, the [Petitioner].
>
> The infant had been left at the aunt's residence by the infant's mother. Mrs. Burnley left the morning of August 3rd - this was the aunt - for work, leaving [the Petitioner] as the babysitter and caregiver of the child. A short time later [the Petitioner] called the aunt at work inquiring about bathing the baby. She evidently gave him instructions on preparing the bath. When she returned home, she said the baby's skin was peeling off and saw the infant in the kitchen sink still in the water.
>
> The doctor at the emergency room examined the infant [and] determined the burns were not from accidental means. The baby was transferred to Vanderbilt Burn Center, where it was determined the baby had been held in very hot water. After being in Vanderbilt for several months, the baby was then transferred to . . . Georgia, where the baby went through rehabilitation for another several months. The mother stayed at the baby's side.

*Adams*, 2008 WL 544605, at *1. The trial court imposed the agreed sentence of eighteen years incarceration. *Id.*

In 2005, the Petitioner filed a petition for post-conviction relief in which he alleged that his guilty plea was not entered knowingly and voluntarily as a result of his counsel's ineffective assistance. *Id.* at *1. He also alleged that he received ineffective assistance of counsel because his counsel failed to adequately investigate and interview witnesses, failed to petition the court for funds for an independent medical evaluation of the victim's injuries, failed to have the Petitioner evaluated for competency, and failed to ask for a change of venue. *Id.* A subsequent hearing was held, following which the post-conviction court denied his petition, concluding that "lead counsel was effective, and that the petitioner entered his plea knowingly and voluntarily." *Id.* This Court affirmed the post-conviction court's judgment on appeal, stating:

> [T]he [P]etitioner testified that he made the choice to plead guilty based upon his belief that he could not be successful at trial. He conceded that his trial counsel had fully explained the consequences of a guilty plea to him.

2

Lead counsel testified that he discussed the entirety of the State's evidence with the [P]etitioner and that it was the [P]etitioner's choice to plead guilty. The [P]etitioner testified that he was advised of his rights before entering his plea. Moreover, nothing in the transcript suggests that the [P]etitioner's plea was the product of "'ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" See *Blankenship*, 858 S.W.2d at 904 (quoting *Boykin*, 395 U.S. at 242-43). Under these circumstances, the [P]etitioner has failed to establish by clear and convincing evidence that his guilty plea was not knowingly, voluntarily, and intelligently entered.

Having reviewed the [P]etitioner's claims for post-conviction relief and holding that the record supports the post-conviction court's denial of his claims, we affirm the judgment of the post-conviction court.

*Id.* at *5-6. The Petitioner subsequently filed two motions to reopen his post-conviction proceeding, both of which were denied. This Court affirmed the post-conviction court's denial. *Michael Brandon Adams v. State*, No. M2013-01090-CCA-R28-CD (Tenn. Crim. App., at Nashville, July 1, 2013).

In 2013, the Petitioner filed a petition for a writ of habeas corpus, again raising the claim that he was denied the effective assistance of counsel because he entered his guilty plea involuntarily. *Michael Brandon Adams v. Eric Qualls, Warden*, No. M2014-00174-CCA-R3-HC, 2014 WL 3895993, at *1 (Tenn. Crim. App., at Nashville, Aug. 11, 2014), *no Tenn. R. App. P. 11 filed*. The petition was denied, and this Court affirmed the denial on appeal, stating that the Petitioner's claim was not an appropriate one for habeas corpus relief. *Id.*

In 2014, the Petitioner filed a motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The Petitioner, for the third time, asserted that his sentence was illegal because he had received the ineffective assistance of counsel, which caused him to enter a guilty plea involuntarily. On May 19, 2014, the trial court entered an order summarily dismissing the Petitioner's motion finding "absolutely nothing in the record that would void the judgment in this matter."

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner maintains that the trial court erred when it denied his motion without a hearing. He contends that he presented a "colorable claim of an involuntary, unknowing and unintelligent guilty plea. . . ." The State responds that the Petitioner has

already raised this issue in a prior appeal of a denial of habeas corpus relief, which this Court affirmed. As such, the State contends that the trial court appropriately addressed the purported illegality of the sentence and properly dismissed the motion. We agree with the State.

The Tennessee Rules of Criminal Procedure were amended effective July 1, 2013, with the addition of Rule 36.1, which provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a *colorable claim* that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

. . . .

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1 (emphasis added). Prior to the adoption of this Rule, petitioners generally sought relief from illegal sentences through habeas corpus or post-conviction proceedings. *See, e.g., Cantrell v. Easterling*, 346 S.W.3d 445, 453, 453 n. 7 (Tenn. 2011).

Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee

4

Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief. . . ." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App., at Jackson, Aug. 13, 2014), *no Tenn. R. App. P. 11 filed*; *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App., at Nashville, July 16, 2014), *no Tenn. R. App. P. 11 filed*.

The State correctly notes that the Petitioner's claim has already been addressed by this Court in a prior appeal of a habeas corpus petition. There, we held that the Petitioner's claim was not a cognizable one under the habeas corpus statute. *Adams*, 2014 WL 3895993, at *1. The Petitioner now asks us to address the same claim under Rule 36.1. We conclude that the Petitioner's claim is not properly before this Court. Rule 36.1 contemplates correction of illegal sentences. In this issue, the Defendant is attacking the validity of the plea. *See State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App., at Knoxville, March 31, 2014) (stating, "The Rule does not provide an avenue for seeking reversal of convictions."), *no perm. app. filed*.

Accordingly, we conclude that the trial court properly found that the Petitioner's motion did not state a colorable claim pursuant to Tennessee Rule of Criminal Procedure 36.1, and, therefore, summary dismissal was appropriate. The Petitioner is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that the Petitioner failed to state a colorable claim that his sentence is illegal. As such, we affirm the judgment of the trial court.

_____

ROBERT W. WEDEMEYER, JUDGE